**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Maria Victoria Gemma Ramirez, | ) | No. CIV 08-075-PHX-MHM (GEE) |
| | ) | |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| Katrina Kane, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

    Pending before the court is a Petition for Writ of Habeas Corpus filed by Maria Victoria Gemma Ramirez on January 14, 2008,  pursuant to Title 28, United States Code, Section 2241. The petitioner argues her current detention while in removal proceedings is contrary to law. The respondent filed an answer on April 21, 2008.

    Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Edmonds for a Report and Recommendation.

    The Magistrate Judge recommends that the District Court, after its independent review of the record, grant the petition.  Ramirez' current detention is not authorized by law. *See Tijani v. Willis*, 430 F.3d 1241, 1242 (9th Cir. 2005).

//

//

1

Summary of the Case

2     Ramirez is a citizen of the Philippines.  (Respondent's answer, p. 2.)  She became a

3 lawful permanent resident on March 15, 1999.  *Id.*

4     On September 13, 2004, Ramirez was convicted of, among other things, forgery,

5 possession of a forged driver's license, and grand theft of personal property identity in violation

6 of California law.  *Id.*  She was sentenced to concurrent  three year terms of incarceration.  *Id.*

7     On July 31, 2006, the Department of Homeland Security (DHS) issued Ramirez a Notice

8 to Appear charging her with removability because she was convicted of an aggravated felony

9 such as commercial bribery, counterfeiting, forgery, or trafficking in vehicles the identification

10 numbers of which have been altered pursuant to INA §§ 237(a)(2)(A)(iii);  101(a)(43)(R).  *Id.*

11 In the alternative, the DHS alleged her aggravated felony conviction was for a theft offense or

12 burglary offense.  *Id.*

13     On September 11, 2006, the Immigration Judge (IJ) sustained the charge of removability

14 based on Ramirez' forgery conviction and ordered her removed to the Philippines.  *Id.*, p. 3.

15     Ramirez filed an appeal with the Board of Immigration Appeals (BIA).  *Id.* The BIA

16 dismissed her appeal on December 21, 2006.  *Id.*, p. 3.

17     Ramirez filed a motion for stay and petition for review with the Ninth Circuit Court of

18 Appeals.  *Id.*  The court granted Ramirez' motion for stay on June 12, 2007.  Her appeal remains

19 pending.  *Id.*

20     On March 26, 2007, the DHS reviewed Ramirez' custody status and decided to continue

21 her detention.  *Id.*

22     On  January 14, 2008, Ramirez filed the instant petition for writ of habeas corpus.  She

23 argues her continued detention is contrary to law citing, inter alia, *Tijani v. Willis*, 430 F.3d

24 1241 (9th Cir. 2005).  (Petition.)  The respondent filed an answer on April 22, 2008.

25

26

Discussion

27     Ramirez is being held pursuant to 8 U.S.C. § 1226.  This statute governs the initial

28 apprehension and detention of aliens to determine whether they should be removed from the

1   United States.  Section 1226(c) requires the detention of certain classes of aliens, notably those
2   aliens who have been convicted of certain crimes denominated aggravated felonies.  *See* 8
3   U.S.C. §§ 1227(a)(2)(A)(iii); 1101(a)(43)(R).

4       Section 1226 governs the alien's detention until the start of the "removal period," which
5   is described in section 1231.  This later statute governs the detention and eventual removal of
6   the alien.

7       The "removal period" ordinarily begins on "[t]he date the order of removal becomes
8   administratively final."  8 U.S.C. § 1231(a)(1)(B)(i).  If the alien files an appeal and the court
9   of appeals orders a stay of removal, the removal period begins on "the date of the court's final
10  order."  8 U.S.C. § 1231(a)(1)(B)(ii).

11      In this case, Ramirez filed an appeal and the court of appeals ordered a stay of removal.
12  Accordingly, the removal period has not yet begun and section 1226 still applies.

13      Ramirez argues her continued detention is not authorized by law citing *Tijani v. Willis*,
14  430 F.3d 1241 (9th Cir. 2005).  She is correct.  The government is holding Ramirez pursuant to
15  section 1226(c).  This section, however, only authorizes detention during an "expedited"
16  removal period.  *Tijani v. Willis*, 430 F.3d 1241, 1242 (9th Cir. 2005);  *See also Demore v. Kim*,
17  538 U.S. 510, 529 (2003) ("The Executive Office for Immigration Review has calculated that,
18  in 85% of the cases in which aliens are detained pursuant to § 1226(c), removal proceedings are
19  completed in an average time of 47 days and a median of 30 days.").  It does not authorize
20  extended periods of detention.  *Tijani*, 430 F.3d at 1242 (Detention for two years and eight
21  months was not authorized by section 1226(c).).

22      Ramirez was apparently taken into custody on July 31, 2006.  (Petition, p. 3.);
23  (Respondent's answer, p. 8.)  She has been detained for approximately 23 months.  Her
24  continued detention is not authorized by statute.  *See Tijani*, 430 F.3d at 1242.

25      The government argues *Tijani* should be distinguished because Ramirez' detention to
26  date is shorter than the detention at issue in that case.  In *Tijani*, the petitioner was held for two
27  years and eight months -- 32 months.  Ramirez has been detained for 23 months.  (Petition, p.
28  3.);  (Respondent's answer, p. 8.)  Ramirez' detention is shorter, but it is still significantly

1  longer than the average detention which was deemed reasonable in *Kim*. *See Demore v. Kim*,

2  538 U.S. 510, 529 (2003) ("[R]emoval proceedings are completed in an average time of 47 days

3  and a median of 30 days.")  Accordingly, the court concludes Ramirez' detention has not been

4  "expeditious," and her continued detention is contrary to law.

5      The government further argues Ramirez should not benefit from the *Tijani* holding

6  because her administrative proceedings were expeditiously concluded and her extended period

7  of detention is the result of her own litigation.  It maintains she would have been removed a long

8  time ago if she had not contested her removal.   That may be so, but the *Tijani* court did not

9  qualify their holding based on who was responsible for the extended detention period.  *See*

10  *Tijani*, 430 F.3d at 1242.

11      The *Tijani* court found that in some cases, extended detention could violate the

12  Constitution.  *Id.*  To avoid this possibility, the court held that the detention authorized by

13  section 1226(c) extended only to an expedited period.  *Id.*  The court simply said,

14      To avoid the constitutional issue, we interpret the authority conferred by §
        1226(c) as applying to expedited removal of criminal aliens.  Two years and eight
15      months of process is not expeditious; and the foreseeable process in this court,
        where the government's brief in Tijani's appeal of the removal was only filed last
16      month after two extensions of time, is a year or more.

17  *Tijani*, 430 F.3d at 1242.  In this case, Ramirez has had 23 months of process, and her appeal

18  before the Ninth Circuit is still pending.  Her process has not been expeditious.  Section 1226(c)

19  no longer authorizes her detention.

20

21      Recommendation

22      The Magistrate Judge recommends that the District Court, after its independent review

23  of the record, grant the Petition for Writ of Habeas Corpus filed on January 14, 2008, "unless

24  the government within 60 days [of the District Court's order] provides a hearing to [the

25  petitioner] before an Immigration Judge with the power to grant her bail unless the government

26  establishes that she is a flight risk or will be a danger to the community." *Tijani*, 430 F.3d at

27  1242.

28

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within 10 days of being served with a copy of this Report and Recommendation.  If objections are not timely filed, the party's right to de novo review may be waived.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc), *cert. denied*, 540 U.S. 900 (2003).

The Clerk is directed to send a copy of this Report and Recommendation to the petitioner and the respondent.

DATED this 16th day of July, 2008.

Glenda E. Edmonds
United States Magistrate Judge