IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Victoria Gemma Ramirez,<br><br>    Petitioner,<br><br>vs.<br><br>Katrina Kane,<br><br>    Respondent. | No. CV 08-0075-PHX-MHM<br><br>**ORDER** |

Presently pending before the Court are Petitioner Maria Victoria Gemma Ramirez's petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt.#1), Respondent Katrina Kane's Response in Opposition to Petition for Writ of Habeas Corpus (Dkt.#8), Petitioner's Reply to Respondent's Response (Dkt.#9), and Petitioner's Motion to Hold Proceedings in Abeyance Pending Extrajudicial Resolution Efforts (Dkt.#12).

The matter was referred to Magistrate Judge Glenda Edmonds who issued a Report and Recommendation (RR) on July 16, 2008. Magistrate Judge Edmonds recommended that the petition be granted, "unless the government within 60 days of the District Court's order provides a hearing to the petitioner before an Immigration Judge with the power to grant bail unless the government establishes that she is a flight risk or will be a danger to the community." (Report and Recommendation, p. 4) (Dkt.#10). The government filed an Objection to the Report and Recommendation. (Dkt.#11)

1  This Court reviews the Magistrate Judge's findings and recommendations de novo if
2  objection is made. <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en
3  banc).

**I.  Background**

Petitioner is a citizen of the Philippines who became a lawful permanent resident of the United States on March 15, 1999. (Report and Recommendation, p. 2.) On July 31, 2006, the Department of Homeland Security (DHS) issued Petitioner a Notice to Appear charging her with removability because she was convicted of an aggravated felony under California state law. <u>Id.</u> On September 11, 2006, the Immigration Judge sustained the charge of removability based on Petitioner's conviction and ordered her removed to the Philippines. <u>Id.</u> Petitioner filed an appeal with the Board of Immigration Appeals (BIA) who dismissed her appeal on December 21, 2006. <u>Id.</u> Petitioner then filed a motion to stay and a petition for review with the Ninth Circuit Court of Appeals, who granted her motion on June 12, 2007. <u>Id.</u> Petitioner's appeal remains pending. <u>Id.</u> On March 26, 2007, DHS reviewed Petitioner's custody status and decided to continue her detention. <u>Id.</u>

Petitioner has been in custody since July 31, 2006. <u>Id.</u>

The RR issued by the Magistrate Judge found, based on briefing provided by both Petitioner and Respondent, that Petitioner had been detained by the government pursuant to authority granted under 8 U.S.C. § 1226(c). (Report and Recommendation, p. 3.) Section 1226(c) requires the Attorney General to take into custody any alien who is deportable by virtue of their having been convicted of certain crimes that are "denominated as aggravated felonies." (Report and Recommendation, p. 3), citing 8 U.S.C. § § 1227(a)(2)(A)(iii); 1101(a)(43)(R). The Magistrate Judge further found that Section 1226(c) "governs the alien's detention until the start of the 'removal period.'" <u>Id.</u>

While agreeing with the government that Section 1226(c) is the controlling statute, Petitioner argued that her continued detention was neither directly authorized by Section 1226(c), nor its most relevant interpretation by the Ninth Circuit in <u>Tijani v. Willis</u>, 430 F.3d 1241 (9th Cir. 2005). Petitioner contended that under <u>Tijani</u>, Section 1226(c) only authorized

- 2 -

1 detentions during an "expedited" removal period, but the statute did not permit extended
2 periods of detention, such as that imposed on Petitioner. Id. The government responded by
3 claiming that the detention in Tijani was for two years and eight months, whereas Petitioner
4 had been detained for only 23 months–9 months less. Id. Magistrate Judge Edmonds' found
5 the government's position unavailing, noting that Petitioner's continued detention could in
6 no sense be classified as "expeditious." Id. at 4.

7     The government also argued that unlike Tijani, Petitioner's "holding and
8 administrative proceedings were expeditiously concluded and her extended period of
9 detention is the result of her own litigation [efforts]." Id. This position was similarly rejected
10 by the Magistrate Judge, who found that the court's reasoning in Tijani was not "based on
11 who was responsible for the extended detention period." Instead, Tijani focused on the
12 possibility that a prolonged detention of an alien under 1226(c) absent judicial review may
13 violate the constitutional rights of the detained party. Id.

14     Therefore, Magistrate Judge Edmonds recommended to this Court that Petitioner's
15 Writ of Habeas Corpus be granted, unless the government provides a hearing before an
16 Immigration Judge with the power to grant bail. Id. The Magistrate Judge further
17 recommended that in such a hearing it is the government that must bear the burden of
18 establishing Petitioner is a flight risk or a danger to the community. Id.

19     The government filed an Objection to the Magistrate Judge's RR, arguing two points:
20 (1) that Petitioner is not being detained under Section 1226(c), but rather under Section
21 1226(a), thereby entitling her to a bond hearing; and (2) that the Magistrate Judge incorrectly
22 placed the burden of proof on the government to demonstrate that Petitioner is a flight risk
23 or danger to the community when that burden should be borne by Petitioner. (Respondent's
24 Objections to Report and Recommendation, p. 1-2.)

25     The government filed a subsequent motion, asking this Court to Hold Proceedings in
26 Abeyance Pending Extrajudicial Resolution Efforts. (Dkt.#12.) The government requested
27 that this Court take no action until October 3, 2008, so that it may determine the impact of
28 two recent Ninth Circuit decisions on the instant petition. (Respondent's Motion to Hold

1   Proceedings in Abeyance Pending Extrajudicial Resolution Efforts, p. 1-2.) Those cases are
2   Casas-Castrillon v. Dept. of Homeland Security, _F.3d_, 2008 WL 2902026 (9th Cir. July
3   25, 2008) and Prieto-Romero v. Mukasey, _F.3d_, 2008 WL 2853396, (9th Cir. July 25,
4   2008).

5   After conducting a de novo review of Magistrate Judge Edmond's RR, along with all
6   briefing submitted by the parties, this Court will adopt in part the Magistrate Judge's RR.
7   This Court will adopt the facts found in Magistrate Judge Edmonds's report, and will also
8   adopt the recommendation submitted by Magistrate Edmonds, but for different legal reasons.

## II. Analysis

### A. Petitioner Ramirez is Being Detained Under Section 1226(a)

This Court agrees with the government's initial contention raised in its Objections to the Report and Recommendation. As the holdings of Casas-Castrillon and Prieto-Romero make clear, the statutory authority for Petitioner's continued detention is found under Section 1226(a) and not under Section 1226(c).

In Casas-Castrillon, petitioner, a lawful permanent resident, was found by an Immigration Judge to be a removable alien after he had been convicted of two crimes of moral turpitude. Casas-Castrillon, WL 2008 2902026, at * 1. This determination was affirmed on appeal by the BIA. Id. The Ninth Circuit then granted the petitioner review of his final order of removal. Id. As he awaited judicial resolution of his case, petitioner remained in the custody of the federal government. The court reasoned that the statutory scheme provided only two ways to justify this continuous detention of petitioner. Id. at *2 . The first was through Section 1226(c). The second was through Section 1226(a).[1] Id.

---

[1] As per the Ninth Circuit's decision in Prieto-Romero, Petitioner Ramirez's detention is not justifiable under Section 1231(a), since "the removal period under Section 1231(a) does not begin until [the Ninth Circuit] denies the petition and withdraws the stay of removal." Prieto-Romero, WL 2008 2853396, at *3. As in Prieto-Romero, Petitioner's appeal remains pending, as the court granted her Motion to Stay and Petition for Review on June 12, 2007. (Report and Recommendation, p. 2.)

1    With respect to a detention whose authority is found under Section 1226(c), Casas-
2 Castrillon holds that Section 1226(c)'s mandatory detention provision applies only to
3 expedited removal of criminal aliens, which should typically be no more than "a month and
4 a half in the vast majority of cases . . . and about five months in the minority of cases in
5 which the alien chooses to appeal." Casas-Castrillon, WL 2008 2902026, at *4, quoting
6 Denmore v. Kim, 538 U.S. 510. 527-28 (2003). Detentions of aliens under 1226(c) end
7 "when the BIA [has] affirmed . . . [an alien's] order of removal." Casas-Castrillon, WL 2008
8 2902026, at *4.

9    Once the BIA affirms an order of removal for a lawful permanent resident who has
10 been convicted of a statutorily enumerated crime, Casas-Castrillon holds that authority to
11 continue the detention must be found in Section 1226(a). Id. Section 1226(a) allows the
12 Attorney General to engage in discretionary detentions "pending a decision on whether the
13 alien is to be removed from the United States." Id.

14    In the instant case, the BIA has dismissed Petitioner Ramirez's appeal, and after the
15 Ninth Circuit granted her petition for review and motion to stay, her case is currently
16 pending. For these reasons, Petitioner Ramirez's continued detention cannot be justified
17 under Section 1226(c). Instead, Petitioner Ramirez is being held pursuant to Section 1226(a).

**B. Petitioner Ramirez is entitled to a Bond Hearing Within 60 Days or She Must Otherwise be Released**

20    With respect to what measure of relief Petitioner is entitled to, this Court agrees with
21 the government's contention that Petitioner Ramirez must receive a bond hearing.[2]

22    Casas-Castrillon states that where an alien has been detained following a
23 determination by the both an Immigration Judge and the BIA that they are removable, the

---

[2]After noting in its objection that Petitioner is entitled to a bond hearing, the government later states that Petitioner "can request a bond redetermination hearing before an immigration judge." (Objections to Report and Recommendation, p. 2.) This Court finds that statement to be in error. There is nothing in Casas-Castrillon to suggest that Petitioner must affirmatively request a bond hearing. Instead the government must provide Petitioner a bond hearing, regardless of whether or not she has made such a request.

- 5 -

government retains an interest in assuring the alien's presence at removal, and it is within the power granted to the Attorney General by Congress to continue the detention. Casas-Castrillon, WL 2008 2902026, at * 5. Therefore, Petitioner Ramirez is not entitled to immediate release.

However, under Casas-Castrillon, an alien is entitled to an "individualized determination as to the necessity of his detention." Casas-Castrillon, WL 2008 2902026, at * 5. Casas-Castrillon notes that Congress has not authorized the "long-term detention of aliens such as [Petitioner Ramirez] without providing them access to a bond hearing before an immigration judge." Id. Moreover, a bond hearing must comply with the requirements of Tijani: meaning, the hearing must take place within 60 days of the court's order, it must be before an Immigration Judge with the power to grant bail. Moreover, the Writ of Habeas Corpus shall issue if the government fails to provide such a hearing. Id. at *7.

In the instant case, Magistrate Judge Edmonds' recommended this precise course of action. While the Magistrate Judge's recommendation was based on the court's holding in Tijani, this Court finds that the RR conforms to the procedural requirements set forth by the Ninth Circuit in Casas-Castrillon. Thus, Petitioner Ramirez must have a bond hearing before an Immigration Judge with the power to grant bail within 60 days of this order, otherwise she must be released.

**C. The Government Shall Bear the Burden of Proof at Petitioner's Future Bond Hearing**

In its objection to the Magistrate Judge's RR, the government contended that Petitioner should bear the burden of proof on the issue of whether she is a risk of flight or a danger to the community. (Objections to Report and Recommendation, p. 3.) This claim is incorrect and runs counter to the Ninth Circuit's holding in Casas-Castrillon, which specifically held that, "an alien is entitled to release on bond unless ***the government*** establishes that he is a flight risk or will be a danger to the community." Casas-Castrillon, WL 2008 2902026, at *7 (quotations omitted) (emphasis added), citing Cooper v. Okla., 517 U.S. 348, 363 (1996).

**D. Respondent's Motion to Hold Proceedings in Abeyance**

Reacting to opinions issued by the Ninth Circuit in the cases of Casas-Castrillon v. Dept. of Homeland Security, _F.3d_, 2008 WL 2902026 (9th Cir. July 25, 2008) and Prieto-Romero v. Mukasey, _F.3d_, 2008 WL 2853396, (9th Cir. July 25, 2008), Respondent moved this Court to hold proceedings in abeyance until October 3, 2008. (Dkt.#12)  This Court does not believe that an abeyance in this proceeding is necessary. The mandate and instructions provided by the appellate court in Casas-Castrillon and Prieto-Romero are clear. Petitioner has been in federal custody since July 31, 2006. In October, the government will have the same duty to conduct a bond hearing that it has today.

**Accordingly,**

**IT IS ORDERED** adopting in part the Magistrate Judge's Report and Recommendation as the Order of the Court. (Dkt.#10.)

**IT IS FURTHER ORDERED** granting Petitioner's Writ of Habeas Corpus, unless Respondent provides a bond hearing before an Immigration Judge with the power to grant bail no later than October 27, 2008; and that Respondent shall bear the burden of proof on the issue of whether Petitioner poses a risk of flight or is a danger to the community. (Dkt.#1.)

**IT IS FURTHER ORDERED** denying Respondent's Motion to Hold Proceedings in Abeyance Pending Extrajudicial Resolution Efforts. (Dkt.#12.)

/ / /

1  **IT FURTHER ORDERED** directing Respondent to file a status report with the Court by November 3, 2008.

DATED this 4th day of September, 2008.

_____
Mary H. Murguia
United States District Judge